# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| Kelly Wilson, | |
| Plaintiff, | Civil Action No.  04-71468 |
| v. | |
| Experian Information Solutions, Inc., et al.; | Hon. Nancy G. Edmunds |
| Defendants. | |

| | |
|---|---|
| Ian B. Lyngklip (P47173)<br>Attorney for Plaintiff<br>Lyngklip & Taub Consumer Law Group, PLC<br>24500 Northwestern Highway, Suite 206<br>Southfield, Michigan  48075<br>248-746-3790 | Sidney L. Frank (P13637)<br>Tamara E. Fraser (P51997)<br>Local Counsel for Defendant Experian<br>Information Solutions, Inc.<br>Frank, Haron, Weiner and Navarro<br>5435 Corporate Drive, Suite 225<br>Troy, Michigan  48098<br>248-952-0400 |
| Brad A. Sobolewski (OH 0072835)<br>Lead Counsel for Defendant Experian<br>Information Solutions, Inc.<br>Jones Day<br>North Point<br>901 Lakeside Avenue<br>Cleveland, Ohio  44114-1190<br>216-586-3939 | Robert M. Horwitz (P51466)<br>Attorney for American Express Company<br>Dykema Gossett PLLC<br>400 Renaissance Center, 34th Floor<br>Detroit, Michigan  48234<br>313-568-6947 |

## EXPERIAN INFORMATION SOLUTIONS INC.'S MOTION FOR A PROTECTIVE ORDER

Pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, Defendant Experian Information Solutions, Inc. ("Experian") moves the Court to enter the attached protective order in order to protect Experian's confidential and proprietary commercial information from unnecessary disclosure.  A memorandum in support of this motion is filed herewith.  Attached to this motion is a certification that the movant has in good faith conferred with the Plaintiff in an effort to resolve the dispute without court intervention.

Dated:  October 20, 2004                    Respectfully submitted,


                                            _____/s/_____
                                            Tamara E. Fraser (P51997)
                                            Frank, Haron, Weiner and Navarro
                                            Local Counsel for Defendant Experian
                                            Information Solutions, Inc.
                                            5435 Corporate Drive, Suite 225
                                            Troy, Michigan  48098
                                            248-952-0400


                                            Brad A. Sobolewski  (OH0072835)
                                            Jones Day
                                            Lead Counsel for Defendant Experian
                                            Information Solutions, Inc., et Al.
                                            901 Lakeside Avenue
                                            Cleveland, OH 44114
                                            Telephone:  (216) 586-3939
                                            Facsimile:  (216) 579-0212

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Kelly Wilson,

      Plaintiff,

v.

Experian Information Solutions, Inc.,
   et al.;

      Defendants.

Civil Action No.  04-71468

Hon. Nancy G. Edmunds

Magistrate Judge Morgan

---

Ian B. Lyngklip (P47173)
Attorney for Plaintiff
Lyngklip & Taub Consumer Law Group, PLC
24500 Northwestern Highway, Suite 206
Southfield, Michigan  48075
248-746-3790

Brad A. Sobolewski (OH 0072835)
Lead Counsel for Defendant Experian
Information Solutions, Inc.
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
216-586-3939

Sidney L. Frank (P13637)
Tamara E. Fraser (P51997)
Local Counsel for Defendant Experian
Information Solutions, Inc.
Frank, Haron, Weiner and Navarro
5435 Corporate Drive, Suite 225
Troy, Michigan  48098
248-952-0400

Robert M. Horwitz (P51466)
Attorney for American Express Company
Dykema Gossett PLLC
400 Renaissance Center, 34th Floor
Detroit, Michigan  48234
313-568-6947

## EXPERIAN INFORMATION SOLUTIONS INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER

### Concise Statement of the Issues Presented

Defendant Experian Information Solutions, Inc. ("Experian") respectfully submits this Memorandum of Law in support of its Motion for a Protective Order.  Experian requests that this Court enter an Order protecting Experian documents that contain confidential and proprietary information from unnecessary revelation.  Experian also requests that testimony related to these documents be deemed confidential.

**<u>Controlling Authority for the Relief Sought</u>**

The controlling authority in support of the issuance of a protective order in this matter is Rule 26(c)(7) of the Federal Rules of Civil Procedure, which states in relevant part that "[u]pon motion by a party from whom discovery is sought, . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way".

## I.      INTRODUCTION

Plaintiff Kelly Wilson seeks production of certain Experian documents containing confidential and proprietary information.  In addition, Plaintiff has noticed the deposition of Experian employees which will include inquiry into confidential and proprietary documents, including: (1) Administrative Reports, (2) Dispute Response (or "D/R") Logs, (3) Disclosure Request Logs, (4) the Subscriber Service Agreement between Experian and American Express, and (5) Experian policy and procedure manuals (together, the "Confidential Documents").

These documents are vital to Experian's success and, in the hands of a competitor, could significantly impede Experian's ability to compete in the marketplace.  (Affidavit of David Browne, attached hereto as Exhibit A, ("Browne Aff.") at ¶¶ 9-16.)  As discussed in more detail below, the Confidential Documents contain highly confidential internal codes and information, proprietary commercial information, and sensitive internal information concerning the practices, policies and procedures which form the backbone of Experian's proprietary credit reporting system.  (Id.)  Moreover, many of these documents contain Plaintiff's highly sensitive personal information which the FCRA requires Experian to take reasonable measures to protect.  15 U.S.C. § 1681, et seq.

For these reasons, Experian has imposed several measures designed to preserve the confidentiality of this information.  Access to these computer files and documents is restricted not only outside Experian, but also within Experian.  Only select employees have authority to access any of the Confidential Documents, and such access is restricted to a "need-to-know basis." (Affidavit of Kira Williams, attached hereto as Exhibit B, ("Williams Aff.") at ¶ 7; Browne Aff. at ¶ 5.)

Despite Experian's confidentiality concerns, it does not wish to stonewall Plaintiff or protract law and motion on discovery issues.  Indeed, Experian is willing to produce voluntarily documents

and sensitive information, provided measures are in place to preserve the confidential nature of these materials. In an effort to expedite discovery, Experian worked diligently with Plaintiff to prepare a stipulated protective order that would preserve the integrity of these confidential materials without impeding Plaintiff's ability to litigate this case. (Affidavit of Brad Sobolewski, attached hereto as Exhibit C, ("Sobolewski Aff."), at ¶¶ 2-3, Exhibit 1.) Experian has routinely entered into such stipulated protective orders in other matters, generally without need for Court intervention. (Id.) Here, however, despite Experian's good faith efforts to provide Plaintiff with the confidential materials sought in connection with this litigation, Plaintiff has refused to agree to such a stipulation. (Id.) Thus, a Court sanctioned protective order is necessary and appropriate to facilitate discovery while providing protection to Experian's Confidential Documents.

## II.   SUMMARY OF MATERIALS REQUIRING PROTECTION

Experian is seeking to protect five categories of documents from public disclosure.

### A.   Administrative Reports.

An "Administrative Report" is a consumer profile pulled by Experian for internal use that is used for research purposes. Experian does not produce Administrative Reports in the ordinary course. Instead, an Administrative Report is typically generated in limited circumstances, such as in connection with an internal legal investigation upon commencement of litigation. Experian generated the Administrative Report pertaining to Plaintiff after Plaintiff filed this lawsuit against Experian;[1] this Report did not previously exist and was not created in the normal course of business. Plaintiff's Administrative Report is used by Experian for research purposes only, may be generated only by a very limited number of trained Experian employees and has not been

---

[1] Thus, the Administrative Report may be considered work-product because it was produced in anticipation of litigation at the direction of counsel.

produced in any prior litigation or provided to anyone whatsoever outside Experian and its counsel.  (Williams Aff. at ¶¶ 5-8; Browne Aff. at ¶¶ 9-10, 14.)

The information contained within the Administrative Report pertaining to the Plaintiff is confidential information.  Plaintiff's Administrative Report contains information that is not part of the credit reports Experian provides to third parties, or part of the file disclosures Experian provides to Plaintiff.  Confidential codes appear throughout Plaintiff's Administrative Report.  These codes include (1) a unique confidential personal identification number (or PIN); (2) confidential computer-generated "Name" codes; (3) confidential computer-generated "Address" codes; (4) demographic information; (5) coded social security number information; (6) extensive coded tradeline information, with detailed financial information concerning the consumer; (7) proprietary indicators that determine the accessibility of tradeline information; and (8) subscriber information.  (Williams Aff. at ¶¶ 6-7, 9-23; Browne Aff. at ¶¶ 10-11.)

These codes are integral to Experian's credit reporting system, and the unique manner in which Experian's complex computer system processes, store and generates this specially coded information is highly confidential and proprietary.  The continued secrecy of this information provides Experian with a competitive advantage over other credit reporting agencies.  (Browne Aff. at ¶ ¶ 3-4, 7-8, 10-11.)

B.      **Dispute Response Logs**

"Dispute Response (or 'D/R') Logs" are used to view the dispute history of a particular consumer.  Plaintiff's D/R Logs are used by Experian for research purposes only, may be generated only by a very limited number of trained Experian employees and have not been produced in any prior litigation or provided to anyone whatsoever outside Experian and its counsel.  (Williams Aff. at ¶¶ 24-25; Browne Aff. at ¶¶ 12, 14.)

5

Confidential codes appear throughout D/R Logs.  These codes include (1) a unique confidential personal identification number (or PIN); (2) a confidential computer-generated "Name" code; (3) a confidential computer-generated "Address" code; (4) coded information pertaining to disputed tradelines; and (5) a report, or "CAPID," number.  (Williams Aff. at ¶¶ 26-31; Browne Aff. at ¶ 12.)  These codes are integral to Experian's credit reporting system, and the unique manner in which Experian's complex computer system processes, stores and generates this specially coded information is highly confidential and proprietary.  The continued secrecy of this information provides Experian with a competitive advantage over other credit reporting agencies.  (Browne Aff. at ¶¶ 3-4, 7-8, 12.)

### C.    Disclosure Request Logs

"Disclosure Request Logs" are a record of consumer disclosures which have been sent to a particular consumer.  Plaintiff's Disclosure Request Logs are used by Experian for research purposes only, may be generated only by a very limited number of trained Experian employees and have not been produced in any prior litigation or provided to anyone whatsoever outside Experian and its counsel.  (Williams Aff. at ¶¶ 32; Browne Aff. at ¶¶ 13-14.)

Confidential codes appear throughout Disclosure Request Logs, including (1) a unique confidential personal identification number (or PIN) and (2) report, or "CAPID," numbers. (Williams Aff. at ¶¶ 33-34; Browne Aff. at ¶ 13.)  These codes are integral to Experian's credit reporting system, and the unique manner in which Experian's complex computer system processes, stores and generates this specially coded information is highly confidential and proprietary.  The continued secrecy of this information provides Experian with a competitive advantage over other credit reporting agencies.  (Browne Aff. at ¶¶ 3-4, 7-8, 13.)

**D.      Subscriber Service Agreements**

Experian also seeks to protect its Subscriber Service Agreement with American Express. This agreement was entered into between American Express and TRW, Inc.[2] on March 12, 1987. The agreement sets forth the services that Experian has agreed to provide for American Express, as well as limitations on American Express' use of the information provided to it by Experian, and limitations on Experian's use of information provided to it by American Express.  The agreement contains a provision providing that all information relating to the business and activities of each of the respective parties to the Agreement that is obtained as a result of the agreement is to remain confidential and must not be disclosed to third parties.  Both American Express and Experian agreed to limit access to such information to its personnel on a need-to-know basis only.  (Williams Aff. at ¶ 35; Browne Aff. at ¶ 15.)

**E.      Experian Policy and Procedure Manuals**

The fifth category of confidential information Experian seeks to protect consists of portions of Experian's relevant policy and procedure manuals.  These documents contain proprietary information on how Experian maintains its credit reporting procedures.  As such, Experian strives to ensure that these documents are not produced to third parties without a Court-sanctioned protective order.  Access to these documents would facilitate a competitor's efforts to develop its own sophisticated systems at Experian's expense.  (Williams Aff. at ¶ 36; Browne Aff. at ¶ 16.)

---

[2] Experian acquired TRW, Inc.'s consumer credit reporting business in September, 1996. (Browne Aff. at ¶ 1.)

## III.     PROCEDURAL HISTORY

Plaintiff has served a notice of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), as well as a subpoena duces tecum requesting that certain documents be produced at the deposition.  The documents requested include Administrative Reports and D/R Logs.  The deposition will also include inquiry into confidential and proprietary documents.  On October 16, 2004, Plaintiff served on Experian Requests for Production that also seek confidential and proprietary documents.[3]

Experian informed Plaintiff's counsel that it does not seek to restrict Plaintiff's use of the information in this litigation, but does want to restrict its use for purposes unrelated to and outside this litigation.  To this end, Experian prepared a stipulated protective order that ensures the protection of Experian's confidential materials without harm to Plaintiff's ability to litigate his case. (Sobolewski Aff. at ¶¶ 2-3, Exhibit 1.)  Despite Experian's good faith efforts and hopes to informally resolve the issue, Plaintiff has refused to agree to such a stipulation.

---

[3] Pursuant to LR 37.2, a copy of the Notice of Deposition and accompanying Subpoena and the Requests for Production are attached as exhibits K and L respectively.

## IV.     THE STANDARD FOR ISSUANCE OF A PROTECTIVE ORDER

Federal Rule of Civil Procedure 26 provides, in relevant part, that a court may order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(7). To this end, under Rule 26 district courts routinely issue protective orders limiting the use and disclosure of confidential information to purposes directly germane to pending litigation. See, e.g., McCarthy v. Barnett Bank of Polk County, 876 F.2d 89, 90-92 (11th Cir. 1989) (affirming protective order barring use of confidential materials for any purpose other than the litigation in which the materials were produced); Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 415, n.5 (M.D.N.C. 1991) (stating "[m]any courts have limited confidential trade information to counsel and expert witnesses"); 4 Wright & Miller, Federal Practice and Procedure § 2043 (citing cases in which courts imposed limitations on the disclosure and use of confidential information). Rule 26(c) grants broad discretion to trial judges in fashioning protective orders. York v. American Medical Systems, Inc., No. 97-4306, 1998 WL 863790 at * 4 (6th Cir., November 23, 1998), attached as Exhibit D.

To demonstrate a protective order is warranted, a movant must demonstrate that there is good cause for the order. See, e.g., Isaac v. Shell Oil Company, 83 F.R.D. 428, 431 (E.D. Mich. 1979). Experian can demonstrate good cause with respect to the Confidential Documents at issue in this case, and their use should therefore be restricted to this litigation. As the Seventh Circuit held, "[t]here is no objection to an order that allows the parties to keep their … legitimately confidential information[] out of the public record." Id. at 946. Accordingly, Experian requests that this Court enter an Order protecting Experian's confidential and proprietary documents from public disclosure.

## V.     EXPERIAN HAS GOOD CAUSE FOR SEEKING TO PROTECT ITS LEGITIMATELY CONFIDENTIAL INFORMATION

### A.     Courts Repeatedly Have Protected Confidential and Proprietary Information

"Protective orders are available pursuant to Rule 26(c) on motion for good cause shown."

Isaac v. Shell Oil Company, 83 F.R.D. 428, 431 (E.D. Mich. 1979).  "A motion under Rule 26(c) to

limit discovery requires the district court to balance the interests at issue, and to compare the

hardship on both parties if the motion is either granted or denied. . . .  In making its determination,

the court must consider the nature and magnitude of the hardship imposed on each party by the

order."  See York, 1998 WL 863790 at * 4.

Courts have found there is good cause for granting protective orders covering the exact same

types of confidential and proprietary documents at issue in this case.  See, e.g., Order in Fields v.

Experian Information Solutions, Inc., No. 2:02CV271-M-A (N.D. Miss. June 20, 2003), attached

hereto as Exhibit E.  This Court should grant a protective order here because if the confidential

materials at issue in this case are publicly disclosed, Experian will suffer serious, irreversible harm.

Furthermore, courts have recognized the confidential, proprietary nature of the computer

systems used in the credit reporting industry of which Experian is a member.  See, e.g., Sutherland

v. TRW, Inc., No. 94 C 6264, 1995 U.S. Dist. LEXIS 6196, at * 4 (N.D. Ill. May 8, 1995), attached

as Exhibit F (finding that "[t]o the extent that any of the disclosed information" regarding TRW's

procedures to maintain accurate credit information "contains confidential information or trade

secrets, it will be made subject to an appropriate protective order").

### B.   Experian Treats the Information As Highly Confidential and Internally Restricts Access

Experian vigorously strives to limit the production of certain internal documents to situations in which a protective order has been executed for three main reasons:  (1) to prevent the reverse engineering of the design of Experian's system, (2) to minimize the risk of unauthorized access to the credit histories of more than 200 million consumers, and (3) to try to prevent businesses known as "Credit Clinics" from gaining information that would help them to permit consumers who failed to pay their bills to erase such information from their credit reports -- jeopardizing the integrity of the entire credit reporting industry, including Experian, and adversely impacting consumers who do pay their bills on time.  (Browne Aff. at ¶ 6.)

### C.   Experian's Ability To Compete Relies On Retaining The Confidentiality Of This Information, and Experian Has Diligently Strived To Protect This Information From Competitors

The fact that Experian is successful in achieving a very high level of completeness and accuracy in its consumer credit reports is possible only because Experian developed a very sophisticated and complex matching system called "Find Consumer."[4]  Experian's consumer credit reporting system is its business.  Given the problems of correctly identifying consumers due to inconsistent use of identification by consumers, name changes, address changes, transpositions, misspellings, mis-keyings, misreadings, etc., Experian had to develop a highly accurate method of matching consumer information.  Experian's system was designed with knowledge gathered over a period of time that extends back more than 30 years, during which it underwent minor changes, major changes, and even a complete redesign about seven years ago when Experian incorporated the state of the art technology of IBM's DB2 relational database.  (Browne Aff. at ¶ 3.)  The specific

---

[4] "Find Consumer" is the name given to that part of Experian's system that is charged with the responsibility of deciding what information should display on a consumer credit report in response to an inquiry received from a lender wishing to review that report.

111

details of this matching system, therefore, are part of Experian's "Crown Jewels" and are not voluntarily or intentionally disclosed in lawsuits or to any government agency. (Williams Aff. at ¶ 40; Browne Aff. at ¶¶ 3-6.) If one were to study certain internal reports, including Administrative Reports, Dispute Response (or "D/R") Logs, and Disclosure Request Logs, they would reveal information about the design and architecture of Experian's vast database. Each such internal report that falls into the wrong hands contains a picture of information that speaks to the rules of Find Consumer and to the design architecture implemented by Experian. However, it is not simply a matter of redacting codes from these reports. The structure of the information on these reports, in conjunction with all of the identifying information about a consumer, reveals information about the variables integrated into Experian's sophisticated matching system and reflects the trade secrets of how Experian's computer systems work. Each additional such internal report is a new picture which would, therefore, provide new clues to the rules of Find Consumer and Experian's design architecture overall. The more such pictures fall into the wrong hands, the more clues become available on how to reverse engineer Experian's matching system. (Williams Aff. at ¶¶ 38-41; Browne Aff. at ¶¶ 3, 7-8.)

To protect its system, Experian has introduced a number of safeguards including the addition of an information security department within Experian, information security regulations, and mandatory information security training of all employees. Experian also restricts access to sensitive systems secrets within its own walls. In fact, documents containing secret information, such as those at issue in this case, are given confidential status at Experian and access is permitted to only a select few employees who have an absolute need to know. (Williams Aff. at ¶¶ 8, 25, 32, 36, 38, 39; Browne Aff. at ¶ 5.)

Experian's Subscriber Service Agreement with American Express is a confidential business

record that contains commercial information which Experian has not made public.  The agreement

contains a provision providing that all information relating to the business and activities of each of

the respective parties to the Agreement that is obtained as a result of the agreement is to remain

confidential and must not be disclosed to third parties.  Both American Express and Experian agreed

to limit access to such information to its personnel on a need-to-know basis only.  And Experian

would be harmed if this document, which contains information related to Experian's business

practices and dealings with subscribers, were to be made public.  (Williams Aff. at ¶ 35; Browne

Aff. at ¶ 15.)

      Furthermore, courts have also recognized that the internal policy and procedure manuals of a

competitive business contain confidential business information and are deserving of protection.  See,

e.g., Sabratek Liquidating LLC v. KPMG LLP, No. 01 C 9582, 2002 U.S. Dist. LEXIS 21858, at

*7-8 (N.D. Ill. Nov. 13, 2002), attached as Exhibit G (holding that defendant's internal auditing

policy manuals claimed to be trade secrets were covered by a protective order already entered

preventing disclosure outside the litigation); Hamilton v. State Farm Mutual Automobile Ins. Co.,

204 F.R.D. 420, 423-24 (S.D. Ind. 2001) (holding that defendant's claim handling policy and

procedure manuals were trade secrets and could be used by the parties only for purposes of the

litigation); In re Mercury Finance Co. of Illinois, No. 97 C 3035, 1999 U.S. Dist. LEXIS 11236, at

*16-17 (N.D. Ill. July 17, 1999), attached as Exhibit H (holding that defendant's internal policy

manuals were trade secrets protected from use or disclosure outside the litigation); Jones v.

Nationwide Insurance Co., No. 3:98-CV-2108, 2000 WL 1231402 (M.D. Pa. July 20, 2000),

attached as Exhibit I ("[A]ll company policies and manuals are to be kept confidential, for the eyes

of plaintiff's counsel only."); Adams v. Allstate Ins. Co., 189 F.R.D. 331, 334 (E.D. Pa. 1999)

(ordering Plaintiff keep portions of claims manuals that relate to the processing of claims

confidential).  Further, there is authority holding that trade secret documents related to the

procedures employed by TRW (Experian's predecessor) to maintain accurate credit information

should be protected by an appropriate protective order.  See <u>Sutherland</u>, 1995 U.S. Dist. LEXIS

6196, at *4.

Moreover, due to additional security concerns warranted by electronic case filing and a

dramatic increase in cases of identity theft and fraud, numerous courts have recognized that the

personal information of litigants should not be disclosed in the public domain.  The United States

District Courts for the Northern District of California, the Northern District of Georgia, and the

Middle District of Alabama have ordered that in compliance with the policy of the Judicial

Conference of the United States, "parties must refrain from including . . . the following personal

identifiers from all pleadings and other papers filed with the Court in civil actions," including Social

Security numbers, dates of birth, and financial account numbers.  (Orders, attached hereto as Exhibit

J.)  <u>See also</u>, the Privacy Act, 5 U.S.C. § 552a, <u>et</u>. <u>seq</u>. (prohibiting government from disclosing

private information of consumers including social security numbers).

**D.      Plaintiff Cannot Articulate Any Prejudice From Entry of Experian's Proposed Protective Order, As He Would Be Free To Use Experian's Protected Documents As Needed For The Litigation**

As evidenced above, Experian has good cause for requesting a protective order.  Plaintiff

will not suffer any prejudice by the entry of such an order in this case.  See <u>In re Remington Arms</u>

<u>Co., Inc.</u>, 952 F.2d 1029, 1033 (8th Cir. 1991).  Experian has attached to its Motion for a Protective

Order a proposed order which protects the interests of each of the parties in this action.  Experian

does not seek to restrict Plaintiff's use of the information in this litigation, but only seeks to restrict

its use for purposes unrelated to and outside this litigation.  See <u>Gohler v. Wood</u>, 162 F.R.D. 691,

696 (D. Utah 1995) (limiting discovery to "parties in this action . . . and not for any other purpose,

whether business or otherwise."); <u>Wauchop v. Domino's Pizza, Inc.</u>, 138 F.R.D. 539, 552-54 (N.D.

Ind. 1991) (entering order precluding dissemination of proprietary information outside the litigation).  See also In re Remington Arms Co., Inc., 952 F.2d at 1033 ("[U]se of the discovered information should be limited to the particular lawsuit in which it has been shown to be both relevant and necessary to the prosecution of the case").  The proposed order will enable Plaintiff to complete discovery, prepare for trial, and present evidence at trial.  It only serves to limit disclosure to competitors, attorneys not associated with this action, and the public at large.

As discussed above, Experian, on the other hand, would be irreparably harmed if the protective order it seeks is not entered.  See Chemical and Industrial Corp. v. Druffel, 301 F.2d 126, 129-30 (6th Cir. 1962) (stating that the district court "may enter any appropriate order preventing public disclosure of information obtained from defendant through the discovery order here involved" and noting that "[i]f at the end of this litigation defendant prevails, but in the meantime has made public property of valuable secret formulae, the victory will have been a costly one").

## VI.    CONCLUSION

For the foregoing reasons, Experian respectfully requests that the Court grant Experian's Motion for a Protective Order.  Experian further requests any such relief the Court deems just and proper.

Dated: October 20, 2004                                  Respectfully submitted,


                                                         _____/s/_____
                                                         Tamara E. Fraser (P51997)
                                                         Frank, Haron, Weiner and Navarro
                                                         Local Counsel for Defendant Experian
                                                         Information Solutions, Inc.
                                                         5435 Corporate Drive, Suite 225
                                                         Troy, Michigan  48098

                                                         248-952-0400

Brad A. Sobolewski  (OH0072835)

Jones Day

Lead Counsel for Defendant Experian
 Information Solutions, Inc., et al.

901 Lakeside Avenue

Cleveland, OH 44114

Telephone:  (216) 586-3939

Facsimile:  (216) 579-0212

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Kelly Wilson,

      Plaintiff,               Civil Action No.  04-71468

v.

Experian Information Solutions, Inc.,      Hon. Nancy G. Edmunds
    et al.;

      Defendants.

_____

Ian B. Lyngklip (P47173)

Attorney for Plaintiff

Lyngklip & Taub Consumer Law Group, PLC

24500 Northwestern Highway, Suite 206

Southfield, Michigan  48075

248-746-3790


Brad A. Sobolewski (OH 0072835)

Lead Counsel for Defendant Experian

Information Solutions, Inc.

Jones Day

North Point

901 Lakeside Avenue

Cleveland, Ohio  44114-1190

216-586-3939

Sidney L. Frank (P13637)

Tamara E. Fraser (P51997)

Local Counsel for Defendant Experian Information
    Solutions, Inc.

Frank, Haron, Weiner and Navarro

5435 Corporate Drive, Suite 225

Troy, Michigan  48098

248-952-0400


Robert M. Horwitz (P51466)

Attorney for American Express Company

Dykema Gossett PLLC

400 Renaissance Center, 34th Floor

Detroit, Michigan  48234

313-568-6947

## CIVIL RULE 26(C) CERTIFICATION OF EFFORT TO
## RESOLVE DISCOVERY DISPUTE

Before filing the Motion for a Protective Order to which this statement is attached, Defendant Experian Information Solutions, Inc. ("Experian"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 7.1, have made a good faith effort to resolve the issues related to the protection of Experian's confidential and proprietary information with Ian Lyngklip, the attorney for Plaintiff seeking discovery in this action.  In particular, Experian contacted Mr. Lyngklip, discussed the issues with him, and sent him a copy of a proposed stipulated protective order in an effort to resolve the matter through agreement.  Plaintiff's counsel refused to agree to the proposed stipulated order or any order that would ensure the protection of Experian's confidential and proprietary information.

Dated: October 20, 2004                    Respectfully submitted,


                                           _____/s/_____

                                           Tamara E. Fraser (P51997)

                                           Frank, Haron, Weiner and Navarro
                                           Local Counsel for Defendant Experian
                                           Information Solutions, Inc.
                                           5435 Corporate Drive, Suite 225
                                           Troy, Michigan  48098
                                           248-952-0400


                                           Brad A. Sobolewski  (OH0072835)

                                           Jones Day

Lead Counsel for Defendant Experian Information Solutions, Inc., et Al.

901 Lakeside Avenue

Cleveland, OH 44114

Telephone:  (216) 586-3939

Facsimile:  (216) 579-0212

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Kelly Wilson,

        Plaintiff,                   Civil Action No.  04-71468

v.

Experian Information Solutions, Inc.,     Hon. Nancy G. Edmunds
    et al.;

        Defendants.

---

| | |
|---|---|
| Ian B. Lyngklip (P47173) | Sidney L. Frank (P13637) |
| Attorney for Plaintiff | Tamara E. Fraser (P51997) |
| Lyngklip & Taub Consumer Law Group, PLC | Local Counsel for Defendant Experian Information Solutions, Inc. |
| 24500 Northwestern Highway, Suite 206 | Frank, Haron, Weiner and Navarro |
| Southfield, Michigan  48075 | 5435 Corporate Drive, Suite 225 |
| 248-746-3790 | Troy, Michigan  48098 |
| | 248-952-0400 |
| Brad A. Sobolewski (OH 0072835) | |
| Lead Counsel for Defendant Experian | Robert M. Horwitz (P51466) |
| Information Solutions, Inc. | Attorney for American Express Company |
| Jones Day | Dykema Gossett PLLC |
| North Point | 400 Renaissance Center, 34th Floor |
| 901 Lakeside Avenue | Detroit, Michigan  48234 |
| Cleveland, Ohio  44114-1190 | 313-568-6947 |
| 216-586-3939 | |

<u>**CERTIFICATE OF SERVICE**</u>

## CERTIFICATE OF SERVICE

I, Tamara E. Fraser, hereby certify that on the 20th day of October, 2004, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Ian B. Lyngklip, Esq.                           Robert M. Horwitz, Esq.
Lyngklip & Taub Consumer Law Group, PLC         Dykema Gossett PLLC
24500 Northwestern Highway, Suite 206           400 Renaissance Center, 34th Floor
Southfield, MI  48075                           Detroit, MI  48243


                                    _____/s/_____

                                    Tamara E. Fraser (P51997)

                                    Frank, Haron, Weiner and Navarro

                                    Local Counsel for Defendant Experian

                                     Information Solutions, Inc.

                                    5435 Corporate Drive, Suite 225

                                    Troy, Mi 48098

                                    (248) 952-0400

                                    Tfraser@fhwnlaw.com