ExA-C 54

ORIGINAL

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

KELLY WILSON,

     Plaintiff

-vs-

Case No. 04-71468
Hon. Nancy G. Edmunds
**JURY TRIAL DEMANDED**

EXPERIAN INFORMATION SOLUTIONS,
AMERICAN EXPRESS,

     Defendants

**Response to Experian's Motion for Protective Order**

     Plaintiff requests that the Court deny the motion and enter the accompanying protective

order rather than the protective order submitted by Experian. Plaintiff supports this motion with

the attached brief in support and accompanying documents.

RECEIVED

NOV 1 5 2004

CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

Respectfully Submitted,

LYNGKLIP & TAUB
CONSUMER LAW GROUP, PLC

By:
     Ian B. Lyngklip P47173
     Attorney For Kelly Wilson

Dated: November 11, 2004

-1-

2:04-cv-71468-NGE-VMM   Doc # 29   Filed 11/16/04   Pg 2 of 50   Pg ID 228

**ORIGINAL**

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

KELLY WILSON,

      Plaintiff

-vs-

                                   Case No. 04-71468
                                   Hon. Nancy G. Edmunds
                                   **JURY TRIAL DEMANDED**

EXPERIAN INFORMATION SOLUTIONS,
AMERICAN EXPRESS,

      Defendants

**Brief in Support of**
**Response to Experian 's Motion for Protective Order**

*A trial is a public event. What transpires in a courtroom is public property. If a transcript of the court proceedings had been published, we suppose none would claim that the judge could punish the publisher for contempt.... Those who see and hear what transpired can report it with impunity. There is no special perquisite of the judiciary which enables it, as distinguished from other institutions of democratic government, to suppress, edit, or censor events which transpire in proceedings before it.*

                    *National Polymer Products, Inc. v. Borg-Warner Corp., 641 F.2d 418 (6th Cir. 1981).*

*(a) Information on file; sources; report recipients*
*Every consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer:*
*(1) All information in the consumer's file at the time of the request, except that nothing in this paragraph shall be construed to require a consumer reporting agency to disclose to a consumer any information concerning credit scores or any other risk scores or predictors relating to the consumer.*
                       15 U.S.C. § 1681g.

-2-

## Issue to Be Resolve by Motion

*The Experian brings this motion for a protective order after having been offered a legally sufficient order drafted by Plaintiff which complies in all respects with Rule 26. There are two parts to Experian's motion. The first part deals with protection of specific documents at issue in this case. The second deals with the form an umbrella/blanket order covering materials which have yet to be identified.*

*As to the first part, the issue is whether Experian is entitled to a protective order prohibiting the Plaintiff, himself, from obtaining or using information about himself, information to which he is already statutorily entitled?*

*As to the second part, Experian requests that this Court issue an umbrella protective order which exceeds the Court's authority under Rule 26, specifically:*

1.   *Is Experian entitled to a protective order that exceeds the authority of Rule 26 and protects only those materials for which there has been no particularized showing of good cause where the parties do not agree as to the confidential nature of the documents?*

2.   *Should the court go beyond its authority under Rule 26 and order the trial court record sealed without a particularized showing of some compelling interest, before the parties have even determined what records will be required during dispositive phases of this case?*

## Principal Authorities Relied Upon

*Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992)

*Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178-1179 (6th Cir.1983)

*Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999)

*Coleman v. American Red Cross*, 979 F.2d 1135 (6th Cir.1992)

*Detroit Free Press v. Ashcroft*, 303 F.3d 681 (6th Cir. 2002)

*Federal Open Market Comm. of Federal Reserve Sys. v. Merrill*, 443 U.S. 340, 362, 61 L. Ed. 2d 587, 99 S. Ct. 2800 (1979).

*Meyer Goldberg, Inc. v. Fisher Foods*, Inc., 823 F.2d 159, 162-64 (6th Cir.1987).

*National Polymer Products, Inc. v. Borg-Warner Corp., 641 F.2d 418 (6th Cir. 1981).*

*Nixon v. Warner Communications, Inc., 435 U.S. 589, 597, 98 S.Ct. 1306, 1311, 55 L.Ed.2d 570 (1978)*

*P&G v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996)

*Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1001, 104 S.Ct. 2862, 2872, 81 L.Ed.2d 815 (1984)

*United States v. Kirk (In re Memphis Publ'g Co.)*, 887 F.2d 646, 648-49 (6th Cir.1989).

## Facts & Nature of the Case

This case involves the impermissible use of Plaintiff's consumer reports.  Mr. Wilson informed the Defendant (Experian) that his identity had been used to open several fraud accounts. Among those accounts was an American Express account which had been fraudulently opened by Mr. Wilson's sister in law.  Upon receiving the dispute of this account, Experian removed the offensive material from Mr. Wilson's credit report along with more the record of more than a dozen inquiries by American Express into the report.

In spite of actual notice that Mr. Wilson had no account with American Express, and Experian's acknowledgment that the prior account reviews were not proper, Experian proceeded to provide Mr. Wilson's report to American Express 4 more times.

Mr. Wilson brings this suit under 15 U.S.C. § 1681b and 1681e for allowing the impermissible access.

## Procedural History

The parties have worked in good faith to attempt to resolve the dispute regarding an interim protective order and simply reached loggerheads.  At one point, counsel had agreed to a modified the form of protective order submitted by Plaintiff[1] except that the parties could not agree to how disputes over designations of confidentiality should be resolved.  At that point, Experian scrapped the idea of working with Plaintiff's draft which Experian had previously agreed to in the case of Love v. GMAC[2]and insisted on its own draft.

---

[1]Attached as Exhibit A.

[2]Case 03-71717, Docket Entry , 28, January 30,2004

1

The current draft proposed by Experian runs afoul of controlling case law on two counts, each of which if fully addressed below.

1)   The order submitted by Experian permits Experian to designate documents as confidential and has no requirement that Experian demonstrate good cause for the protection in the event of a dispute over the designation. This is simply improper under Rule 26.

2)   The proposed protective order requires that all documents designated as confidential be submitted to the Court under seal. This proposal fails to account for the fact that there is no need to seal the Court's record at this point in the proceedings. And even if there were such a need, Experian has made no effort to meet the applicable burden of proof required to accomplish this.

Additionally, the order proposed by Experian raises another problems,

3)   the protective order does not require that Experian create any form of log detailing what it has designated as confidential. In failing to account for the designated material by means of a log or Vaughn index, Experian's order prevents any appellate review of the designations or its use of the protective order.

### Law & Argument

### 1.   Experian Has Failed to Meet the Requirements for Issuance of a Protective Order Under Rule 26(c) for the specifically identified documents.

Rule 26 permits a party to seek a protective order covering materials requested in discovery.

(c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good

2

faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

FRCP Rule 26(c).

Under this rule, the court may limit the scope or use of discovery within its sound discretion,[3] however, that exercise of that discretion is limited by Rule 26 itself. Orders which fail to account for the limits of Rule 26 or which improperly extend the order cannot withstand review.

While the rule permits these limitations, Rule 26 requires a showing of "good cause" before considering any such limitations. As set forth below, Experian has not, and cannot make the required showing under the Rule.

### a.    The Test for Trade Secret Status.

Information which allows a business to gain a competitive advantage through exclusive use is a trade secret. While courts may protect against the dissemination of these secrets if obtained through discovery, there is no *absolute privilege* against disclosure of trade secrets or similar confidential information.[4] Rather, trade secrets must be disclosed if they fall within the general scope of discovery unless the court issues a protective order. Therefore, a party may not unilaterally designate the information as a trade secret--agreeing to make documents available but

---

[3] *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984); *Coleman v. American Red Cross*, 979 F.2d 1135, 1138 (6th Cir.1992).

[4] *Federal Open Market Comm. of Federal Reserve Sys. v. Merrill*, 443 U.S. 340, 362, 61 L. Ed. 2d 587, 99 S. Ct. 2800 (1979); *Hartley Pen Company v. United States District Court for the Southern District of California*, 287 F.2d 324, 330 (9th Cir.1961); *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir.1981); *Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993 (10th Cir.1965), cert. denied 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155 (1965).

3

placing restrictions on that offer when it deems itself being in reasonable compliance with discovery.[5] The mere assertion that a party considers documents proprietary and confidential falls short of establishing grounds for a protective order or any recognized immunity from discovery.[6]

Moreover, Courts are wary of the use of unsubstantiated claims of "trade secret" status as a means of shielding corporations from disclosure of information which ought be made public.

> This court has previously endorsed the Second Circuit's approach in Joy, noting that the court was responding ... to the natural desire of parties to shield prejudicial information contained in judicial records from competitors and the public. This desire, however, cannot be accommodated by courts without seriously undermining the tradition of an open judicial system. Indeed, common sense tells us that the greater the motivation a corporation has to shield its operations, the greater the public's need to know. In such cases, a court should not seal records unless public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records. *Brown & Williamson*, 710 F.2d at 1180.
>
> *In re Perrigo Co.*, 128 F.3d 430 (6th Cir. 1997) at 447.

With this caveat in mind, the first question that must be addressed is whether Experian's documents do in fact contain "trade secrets." In order to establish that its document are actually "trade secrets" for purposes of Rule 26(c), Experian must establish that 1) Experian consistently treated the information as closely guarded secrets, 2) that the information represents substantial value to Experian, 3) that it would be valuable to Experian's competitors, and 4) that it derives its value by virtue of the effort of its creation and lack of dissemination.[7]

---

[5] *Wagner v. Dryvit Sys.*, 208 F.R.D. 606 (D NE 2001) at 612 citing, *Laker Airways Ltd. v. Pan American World Airways*, 103 F.R.D. 42, 45-6 (D.C.D.C. 1984).

[6] See e.g., *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 547 (7th Cir 2002).

[7] See, *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1001, 104 S.Ct. 2862, 2872, 81 L.Ed.2d 815 (1984) (noting that Restatement of Torts defines a trade secret as "any formula, pattern, device or compilation of information which is used in one's business, and which gives

If the information is necessary to the litigation, the court must then fashion its order by balancing the need for discovery against the possibility of harm.

**b.      Experian cannot establish "trade secret" status for documents whose information must be revealed to Plaintiff by statute.**

Experian seeks to protect three specific documents which must otherwise be disclosed to Mr. Wilson, and the form of which has been previously revealed to Plaintiff's counsel without a protective order. In specific, Experian seeks to prevent disclosure of what is referred to as its "Admin Reports," "D/R logs," and "Disclosure Request Logs."

As set forth in the affiavit of Mr. Browne, these documents reveal information contained within Mr. Wilson's own credit file. The information in these logs reveals the nature of the records which Experian maintains on Mr. Wilson, his credit history, the inquiries into the report and various aliases:

> 9.      Plaintiff purports to require Experian to produce an Administrative Report, as well as D/R/ Logs and Disclosure Request Logs ("the Confidential Documents") pertain to Plaintiff. The information contained in the Confidential Documents sought by Plaintiff consists of certain historical credit information (Administrative Report), an historical record of communications between Plaintiff and Experian pertaining to Plaintiff's Experian file (the Disclosure Request Logs), and an historical record of Experians reinvestigations of information disputed by Plaintiff (the D/R Logs). The specific Confidential Documents sought by Plaintiff have not been produced in any prior litigation or provided to anyone whatsoever outside of

---

him an opportunity to obtain an advantage over competitors who do not know or use it") (citing Restatement (First) of Torts § 757 cmt. b); Unif. Trade Secrets Act § 1(4), 14 U.L.A. 438 (1985) (defining "trade secret" as "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (i) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy"). See also, *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1313-1314 (11th Cir. 2001); *Centurion Indus., Inc. v. Warren Steurer and Assoc.,* 665 F.2d 323, 326 (1981); *Smith v. BIC Corp.,* 869 F.2d 194, 199 (3rd Cir.1989).

5

a very limited number of Experian Employees and Experian's counsel.

*Browne Affidavit* at ¶ 9.   As stated by Mr. Browne himself, the information sought may be described as "pertaining to Plaintiff's Experian file."   At the same time, the FCRA requires Experian to disclose to Mr. Wilson the complete content of its file on him.   In other words, Congress has expressly required Experian to provide Mr. Wilson with the information which Experian maintains on him.

> (a) Information on file; sources; report recipients
> Every consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer:
> (1) All information in the consumer's file at the time of the request, except that nothing in this paragraph shall be construed to require a consumer reporting agency to disclose to a consumer any information concerning credit scores or any other risk scores or predictors relating to the consumer.
> (2) The sources of the information; except that the sources of information acquired solely for use in preparing an investigative consumer report and actually used for no other purpose need not be disclosed: Provided, That in the event an action is brought under this subchapter, such sources shall be available to the plaintiff under appropriate discovery procedures in the court in which the action is brought.
> (3)(A) Identification of each person (including each end-user identified under section 1681e(e)(1) of this title) that procured a consumer report--
> (i) for employment purposes, during the 2-year period preceding the date on which the request is made; or
> (ii) for any other purpose, during the 1-year period preceding the date on which the request is made. . . .

15 U.S.C. § 1681g.   Thus, under the FCRA itself, Experian cannot claim any form of protection for the materials which Experian itself admits to are a part of Mr. Wilson's own credit file.

And while Congress has already required Experian to provide this information, common sense informs us that the information cannot be "confidential" or a trade secret.   To the contrary, most of the information described in Mr. Browne's affidavit constitutes Mr. Wilson's personal credit history (*Brown Affidavit* at ¶10), and his personal identifiers (*id*).   This information is

6

already well known to Mr. Wilson. Not surprisingly, most of this same information is known to Experian's competitors who also maintain credit files relating to Plaintiff. Yet, Experian hopes to protect this information as confidential by claim that computer processes through which this known information is processed – without modification – somehow renders the information confidential. At root, Experian argues that Mr. Wilson's payment histories, inquires, and his own disputes must be maintained as secret from him because Experian's computer was used to assemble this information. Such arguments cannot be legally, or rationally sustained.

       c.     **Experian cannot establish "trade secret" status for documents whose information must be revealed to Plaintiff by statute.**

          1.     **Subscriber Service Agreements**

Experian has asserted no facts showing how the revelation of its agreement with American Express would in work any specific harm on Experian. There is no clearly identified harm, nor is there any allegation in Mr. Browne's affidavit that he maintains these agreements or what the content of the agreement is.

          2.     **Manuals**

Experian has failed to identify any of the manuals which it seeks to maintain as confidential. Without identification of these manuals, their content, or the potential uses to which they may be put, there is simply no evidentiary basis for a protective order.

**2.**     **Experian's Proposed Order Requests Relief Which is Not Authorized by Rule 26 and Violates the Constitution.**

Experian has requested that the Court enter its proposed protective order covering its reinvestigation and FCRA compliance materials, as well as several documents which are specific to the Plaintiff. While these materials could – upon the required showing – be the proper subject

7

of a protective Order, Experian has mistaken the scope of the Court's authority under Rule 26(c) and demanded a number of provisions for which there is simply no legal authority.

Even before Experian tendered its misplaced objections to discovery, Mr. Wilson offered Experian a protective order which complied in all respects with Rule 26(c) and applicable case law.[8] Experian refused this lawful and sufficient. The following analysis demonstrates that Mr. Wilson's protective order is appropriate, meets the requirements of Rule 26(c) and is otherwise reasonable. Should the court choose to enter a protective order, Mr. Wilson requests that the Court enter his proposed order rather than Defendant's.

### a.   Experian's Proposed Order Impermissibly Extends Protections to Materials Without Any Showing of Good Cause and Shifts Burden of Challenging the Protections.

Under Rule 26, the court may grant protections for those documents where there is good cause.[9] While protective orders are generally used by the parties to facilitate discovery by stipulation,[10] the parties do not enjoy the unfettered right to invoke the court's authority compelling discovery and then demand complete secrecy for all discovery. That is to say, while protective orders have been used effectively to move cases through the discovery phase of the case, courts

---

[8]Exhibit A.

[9] *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 2209, 81 L.Ed.2d 17 (1984); *P&G v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996); *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 162-64 (6th Cir.1987).

[10]According to the Manual for Complex Litigation blanket protective orders "greatly expedite the flow of discovery material while affording protection against unwarranted disclosures." *Manual for Complex Litigation* at § 21.431. See also, *SEC v. The Street*, 273 F3d. 222, 233 (2nd Cir. 2001) citing *Joy v. North*, 692 F2nd 880, 893 (2nd Cir. 1982); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990); *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356-57 (11th Cir.1987).

are not free to protect documents from disclosure without a *genuine* showing of "good cause."

While the parties may defer the determination of "good cause" through the use of a "blanket" or "umbrella" protective order, the improper use of these orders has moved courts to question their user. The matter is best summed up by the Seventh Circuit opinion in *Citizens First National Bank* where the court restated the competing views on the unbridled use of protective orders by parties during the discovery phase of the case. Unsupervised use of protective orders is no longer an acceptable means of assuring the public's interest in an open court system.[11] In reviewing the positions, the court there noted that even those circuits which had previously allowed the litigants to stipulate to the effective scope of protective orders had stepped back and moved towards court supervision over the designation of confidential materials:

> . . . .The weight of authority, however, is to the contrary. Most cases endorse a presumption of public access to discovery materials, e.g., *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, supra, 24 F.3d at 897; *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir.1992); *Public Citizen v. Liggett Group, Inc.*, supra, 858 F.2d at 788-90; *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 162-64 (6th Cir.1987); *In re "Agent Orange" Product Liability Litigation*, supra, 821 F.2d at 145-46, and therefore require the district court to make a determination of good cause before he may enter the order. E.g., *EEOC v. National Children's Center, Inc.*, 98 F.3d 1406, 1411 (D.C.Cir.1996); *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 484-85 (3d Cir.1995); *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157,

---

[11]While most circuits have required this particularized showing, the need to allow discovery to proceed has resulted in the some court's adopting the solution offered in the Manual for Complex Litigation. Under this approach, parties are given the ability to ***temporarily*** designate documents as confidential, and the particularized showings under Rule 26 are deferred until the designation is challenged. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001). "This method replaces the need to litigate the claim to protection document by document, and postpones the necessary showing of "good cause" required for entry of a protective order until the confidential designation is challenged. See *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir.1987)." Accord, *Pearson v. Miller*, 211 F.3d 57, 72 (3rd Cir. 2000). *C.f.*, *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999).

9

165-67 (3d Cir.1993); *In re Remington Arms Co.*, 952 F.2d 1029, 1032 (8th Cir.1991); *City of Hartford v. Chase*, supra, 942 F.2d at 135-37; *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir.1985). Rule 26(c) would appear to require no less. And we note that both the First and Third Circuits, which used to endorse broad umbrella orders (e.g., *Cryovac, Cipollone*), have moved away from that position (*Public Citizen, Glenmede, Pansy, Leucadia*).

*Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999).  Since the parties themselves rarely consider the public in deciding whether to stipulate to protective orders, the court's enforcement of the Rule 26 "good cause" standard acts as a guardian of the public's right of access to discovery documents by requiring parties to make a threshold showing before documents will be withheld from public view. *Loussier v. Universal Music Group, Inc.*, 214 F.R.D. 174 (S.D. NY 2003).  In making that determination, the court may not simply "rubber stamp" the designation by the parties that certain documents are supposedly confidential.[12] Rather, the court stands as the guardian of the public interest and must be satisfied that the "good cause" requirements have been met for each document claimed as protected.[13]  At a bare minimum, the Court may afford the protections in Rule 26 by stipulation only when it is satisfied that the parties have in good faith stipulated to those protections *and* the Court is satisfied that all concerned understand the governing requirements under which "good cause" may be established under a "blanket" protective order. [14]

---

[12]*Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945  (7th Cir. 1999) citing *In re Krynicki*, 983 F.2d 74 (7th Cir.1992).

[13]*Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999).

[14]*Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999)(requiring good faith stipulation of competent counsel familiar with applicable standards as prerequisite to entry of "blanket" protective order); *Foltz v. State Farm Mut. Auto. Ins.* Co. , 331 F.3d 1122 (9th Cir. 2003) (holding "blanket" orders as particularly susceptible to modification

In this case, Experian seeks to ride the coattails of Rule 26(c) in order to permanently seal any public record of its wrongdoing in this case. Experian hopes to achieve this pernicious result by refusing to produce relevant documents until Plaintiff consents to its protective order which seals the public record without any prior showing of "good cause" or demonstration of a "compelling interest." Experian's proposed order provides permanent protection based solely upon Experian's own *__unreviewed__* designation of "confidentiality" and does not even require plaintiff's good faith stipulation that the documents are properly protected. Rather, upon designating a document as "confidential" the proposed order immediately and permanently extends protections to the document without any opportunity for review by the court or the exercise of the Court's discretion.

Once the materials are protected, they remain so until some party – whether it be the opposing party to the litigation or some intervening third party – comes forth and demonstrates that no "good cause" exists for the protection. Thus, the court grants the designating party with these protections unless the some party is willing and able to invest the time and resources to challenge the designation and "prove a negative" that "no good cause" exists:

> 2. Any party or non-party production or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated as "Confidential."
>
> * * *
>
> 10. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek

due to lack of initial particularized showing of "good cause" for protection of specific documents).

11

appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall be continue to be treated as "Confidential" subject to the provisions of this Protective Order.

*Experian Draft Protective Order* at ¶¶ 2 and 10. This order fails to recognize that at a minimum, it is Experian's burden (at all times) to establish "good cause" for protection of its documents. Nevertheless, even for discovery purposes the use of "blanket" or "umbrella" are particularly subject to review, because they – by stipulation – are not founded upon any specific and articulated showing of "good cause."[15]

At the same time, Plaintiff's proposed protective order is carefully tailored to meet the prevailing requirements of "good cause" under Rule 26 and requires a proper showing of "good cause" by Experian if its designation of confidentiality is challenged. Where Experian's order permits EXPERIAN sole discretion over those documents which will enjoy permanent protection, Plaintiff's order requires the good faith stipulation of the parties before protections will be permanently extended. Further, in the event that any dispute arises, Plaintiff's proposed order requires that the party seeking protection bring the matter to the Court's attention in a timely fashion, thus insuring that the "good cause" standard is met before protection is granted:

### 4. Objections to the Designation of Confidentiality.
Within 14 days of receiving information designated as confidential, the receiving party must either object to the designation, or else waive any objection to the designation. A party who objects to the designation shall within that 14 day period, serve objections to the designation and requests in writing a conference to resolve

---

[15]*Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992)(reliance interest in allowing discovery or settling the case will be less with a blanket order, because it is by nature over-inclusive...because the protective order was a stipulated blanket order and the party opposing disclosure never had to make a 'good cause' showing under Fed.R.Civ.P. 26(c) of the need for protection). See e.g. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999).

> the conflict. The party asserting the designation is responsible for making good faith efforts to arrange that conference. If the parties cannot resolve the objections to the designation, the party asserting the designation of confidentiality shall move within 14 days of receiving the objections, for a protective order under Rule 26(c), showing good cause, specific harm arising from the disclosure, and setting forth reasonable restrictions on the discovery sought. The failure to move for a protective order within that 14 day period waives the designation.

Plaintiff's Proposed Protective Order at ¶4. Because Experian's order fails to require any "good cause" for protection of its documents, the Court must reject its draft order in favor of Plaintiff's proposed order. Accordingly, in the event that the Court agrees that a protective order is merited, Plaintiff requests that the Court adopt Plaintiff's proposed order.

### b. Experian's Proposed Order Improperly and Unconstitutionally Requests that the Court Seal the Record of Dispositive Phases of the Proceedings.

Experian has taken the occasion of its proposed Rule 26(c) protective order to demand that this Court seal crucial portions of the record of this case from public view. While Rule 26 permits courts to limit access to and control the fruits of discovery, that authority ends when the court assumes its role in adjudicating the merits of the case before it. Both *Common Law* and the *First Amendment* limit the ability of the courts to seal the judicial record from public scrutiny. The burdens of proof, standards of review, and policies underlying such orders are wholly different from the rationale underlying the issuance of a protective order under Rule 26(c).

Case law has recognized this sharp distinction between these rulings concerning confidentiality of discovery materials on the one hand, and sealing the court's record on the other hand:

> A sharp distinction has been drawn between rulings concerning confidentiality of discovery materials and documents under protective orders, and rulings on the merits of the underlying litigations themselves based on secret submissions on the other. See generally *In re New York Times Co.*, 828 F.2d 110 (2d Cir.1987); *In re CBS*, 828 F.2d 958 (2d Cir.1987). Once material is used in the judicial

13

decisionmaking function on the merits of controversies (beyond in camera decision as to the status, use or producibility of material, e.g., *United States v. Zolin*, 491 U.S. 554, 109 S.Ct. 2619, 105 L.Ed.2d 469 [1989] ), it must absent extraordinary circumstances be open to public inspection; circumstances such as risk to the safety of one or more persons, or threats to the availability of a fair trial as vouchsafed by due process guarantees, were the material revealed. See *Republic of the Philippines v. Westinghouse Electric Corp.*, 949 F.2d 653 (3d Cir.1991).

*Levy v. Weksel*, 143 F.R.D. 54, 55 (S.D.N.Y. 1992).   Once discovery material is set before the court for the purpose of resolving the case or controversy, "public access" becomes the paramount concern. The public enjoys a right to know of the proceedings. This right is effectuated through the litigants' right speak publicly about the proceedings, the press's right to access and write about the proceedings, the public's right to supervise the judicial activities of its lifetime tenured judges, the need of the public to understand the operation of the courts, and right of litigants to a public trial.[16]

As such, any limitations on the sealing of the court's records from public view is a matter which is subject to *Constitutional* scrutiny which requires a far higher justification than simply limiting the litigant's ability to publicize discovery documents which would not ultimately be admitted to evidence at the trial.[17]   ***There is simply no need at this early stage in the litigation, for the Court to order the record sealed.***

---

[16]*Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178-1179 (6th Cir.1983) (open courts induce members of the public to come forward with evidence, make witnesses less inclined to perjure themselves, and reduce concealment of corruption).

[17]*US v. Amodeo*, 71 F.3d 1044, 1048 (2nd Cir. 1995)(comparing the discovery process by which no stone is left unturned to the litigation process through which the irrelevant evidence is discarded); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir.1988) (documents made part of a dispositive motion lose their status of being raw fruits of discovery); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)(discussing the changing considerations when documents are submitted during dispositive phases of the case versus during discovery).

14

Experian's proposed protective order fails to recognize this critical distinction between a proper protective order and one which seals the record. In so doing, it also fails to recognize or address the standards required for the more restrictive of the two, attempting to ride the coattails of a "good cause" showing to obtain a seal order which requires a "compelling showing" of "clearly defined harm." As set forth below, only the most compelling showing can justify post-trial restriction on disclosure of testimony or documents actually introduced into the public record, and both the *Common Law* and *Constitutional* standards must be met before an order such as that proposed by Experian's may be entered.

## 1.     Common Law right of Public Access to Judicial Documents.

The *Common Law* provides an independent right of the public to inspect and copy all judicial records and documents.[18]  As such motions filed with the Court "are matters which the public has a right to know about and evaluate." *Bank of America Trust and Savings Ass'n v. Hotel Rittenhouse Associates*, 800 F.2d 339, 344 (3rd Cir. 1986). Once a document is lodged with the Court, "it becomes a judicial record, and subject to the access accorded such records." *Id.* at 345. This "common law" right of "public access" subsumes the right inspect and copy such documents.[19]

In the event that this Court wishes to deny the pubic access to court records – as is proposed by Experian's so-called protective order – this Court must start its inquiry with a presumption that

---

[18]*Nixon v. Warner Communications*, Inc., 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178-79 (6th Cir.1983)(applying right to civil proceedings).

[19]*Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 1311, 55 L.Ed.2d 570 (1978); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir.1983).

such records open to the public.[20]   The party seeking closure then bears the burden of demonstrating that the interest in secrecy outweighs the public's interest in access.[21]   In so doing the court must identify and balance a clearly defined and serious harm versus the public interest.[22] With this in mind, a litigant who might be embarrassed, incriminated, or exposed to litigation through dissemination of materials is not, without more, entitled to the court's protection.[23]   In short, the possibility or likelihood that disclosure would lead to more litigation is not sufficient to justify closure of the public record.

Assuming that Experian meets its burden, the court may then – acting within its discretion – seal the record if it finds there is a "compelling interest" worthy of protection[24] based upon specifically articulated facts. Upon drawing this conclusion, this Court may yet be required to hold a public hearing to determine if the rights of third parties will be effected by the order.[25]   Upon

---

[20] *Meyer Goldberg, Inc. v. Fisher Foods,* Inc., 823 F.2d 159, 162-64 (6th Cir.1987).

[21] As articulated by the Supreme Court in *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978), trial courts must consider "the interests advanced by the parties in light of the public interest and the duty of the courts." Id at 98 S.Ct. 1314.

[22] *In re Cendant Corp.,* 260 F.3d 183, 194 (3rd. Cir. 2001); *Publicker Indus., Inc. v. Cohen,* 733 F.2d 1059, 1071 (3rd Cir. 1984);  *Miller v. Indiana Hosp.,* 16 F.3d 549, 551 (3d Cir.1994).

[23]   See *National Polymer Products, Inc. v. Borg-Warner Corp.,* 641 F.2d 418 (6th Cir. 1981) (involvement in a law suits not of itself sufficient to restrict those involved from divulging matters brought forth at a trial attended by the general public although such matters fall within scope of a protective order issued in connection with pretrial discovery.)

[24] *Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.,* 823 F.2d 159, 162 (6th Cir. 1987).

[25] See, *In re Providence Journal Co., Inc.,* 293 F.3d 1 (1st Cir. 2002); *In re Cendant Corp.,* 260 F.3d 183, 194 (3rd. Cir. 2001). *Ashcraft v. Conoco, Incorporated,* 218 F3d 282, 288 (4th Cir. 2000); *Stone v Universty of Maryland Med. Sys. Corp.,* 855 F.2d 178, 181 (4th Cir. 1988); *In re Knight Publ'g Co.,* 743 F.2d 231, 235 (4th Cir.1984).

16

drawing its conclusions, the trial court must articulate specific findings necessitating the closure of the record from public access.[26]

## 2.   First Amendment Right to Public Access to Documents

Likewise, the Courts also recognizes a *First Amendment* right of access to the courts[27], which assures the right of the press to attend and speak out on all public trials.[28]  The court may restrict this *First Amendment* right when there is "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v. Super. Ct.,* 464 U.S. 501, 510, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984).  This right extends to all proceedings which (1) have historically been open to the press and general public and (2) in which the public access plays a significant positive role in the functioning of the particular process in question *Press-Enterprise Co. v. Superior Ct. (Press-Enterprise II)*, 478 U.S. 1, 8, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986); *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555,

---

See, e.g., *United States v. Antar*, 38 F.3d 1348, 1361 n. 18 (3d Cir.1994).

[26]*In re Cendant Corp.*, 260 F.3d 183, 198 (3rd. Cir. 2001)(District Court abused its discretion in identifying "adversarial integrity" and "strategy and tactics" instead of engaging in a specific fact finding and articulating a compelling countervailing interest in sealing the record).

[27]*Globe Newspaper Co. v. Super. Ct.*, 457 U.S. 596, 603-06, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575-80, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980).

[28]The First Amendment guarantee of access has a more limited scope that "has been extended only to particular judicial records and documents." *Stone v. University of Maryland Medical System Corporation*, 855 F.2d 178, 180 (4th Cir.1988) This constitutional right attaches under the First Amendment if: (1) "the place and process have historically been open to the press and general public"; and (2) "public access plays a significant positive role in the functioning of the particular process in question." *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8-9 (1986).

580, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980).[29]  This right carries its own standard of review and evidentiary burden of proof distinct from Rule 26(c) and the *Common Law* right of access[30].

As with other forms of First Amendment review, all action of a district court to restrict these rights is subject to strict scrutiny which requires that the "denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606-07 (1982).  Absent that compelling justification[31] or extraordinary circumstances[32] the First Amendment demands that the public record remain open.[33]  In reviewing the evidence before it, the Court must articulate speific findings supporting the need to close public access in order to sustain its findings under *ne novo review*.[34]

### 3.    Experian has failed to meet or allege sufficient facts to meet its burden of proof under either "common law" or "First Amendment."

In this case, Experian has not met, or even attempted to meet the requirements for entry of

---

[29]See also, *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603, 102 S.Ct. 2613, 2618, 73 L.Ed.2d 248 (1982); *In re Knight Publ'g Co.*, 743 F.2d 231, 233 (4th Cir.1984); *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir.1989).

[30]*First Amendment* decisions require *de novo*, review.  *In re Providence Journal Co., Inc.* 293 F.3d 1, 11 (1st Cir. 2002); *In re State-Record Co.*, 917 F.2d 124, 127 (4th Cir.1990).

[31]See *Press Enterprise Co v. Superior Court*, 464 U.S. 501, 509-510, 104 S. Ct. 819, 78 L.Ed. 2nd 629 (1984).

[32] *Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159 (6th Cir.1987)(remanding case for a hearing to have district court decide whether to unseal documents from a settled case and noting that "only compelling reasons justify denial or continued denial of access to" sealed records).

[33]*Detroit Free Press v. Ashcroft*, 303 F.3d 681 (6th Cir. 2002).

[34]
*United States v. Kirk* (*In re Memphis Publ'g Co.*), 887 F.2d 646, 648-49 (6th Cir.1989).

such an order. Rather, Experian asks this court, without any demonstration of a "compelling interest" or "clearly defined serious harm" to shut the doors of this Court to the public, seal the court room, and prevent any interested persons from reviewing the records of the outcome in this case. There is simply no evidentiary or legal basis for this draconian abrogation of the public's right to know of these proceedings.

Moreover, at this point in the proceedings, Experian has refused to even produce its discovery, let alone complete it. It is simply too early in the proceedings to determine which documents and what testimony will be introduced into evidence. As such, there is no need at this early stage in the litigation to make the determination of whether all proceedings in this case must be closed for the sake of insuring that the public never learns how it is that Experian complies – or fails to comply – with the FCRA.

In this case, Experian's proposed protective order goes well beyond what is permissible under Rule 26 and requires the sealing of the public record. Not only is this impermissible under controlling authority, it is simply unnecessary at this point in the litigation. The parties have yet to assemble all necessary documents or even determine what may be required of the parties during dispositive phases of the case. Under the applicable case law, an order to seal judicial records or limit the First Amendment rights of parties not present would require a showing of some compelling interest which would support an order narrowly tailored to effect that interest. Experian has not made or attempted to make such a showing at this time. Likewise, the order uses the broadest possible terms to seal off the record and is not tailored to effect the compelling interest. The order improperly attempts to skip over the this important Constitutional step:

> 3. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to

19

this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

*Experian Draft Protective Order* at ¶ 3. At the same time, Plaintiff's proposed protective order is carefully tailored to preserve the secrecy of the documents in question until the time of disposition motions or trial, at which time either party may apply to seal the Court's record under the applicable standards. Plaintiff's order provides:

### 5. Use of Confidential Materials in Dispositive Motions and At Trial

If any *information protected as confidential* is submitted in connection with a dispositive motion or at trial pursuant to this Order, the information ceases to be protected as confidential as set forth above, but any party may move to seal the Court's record and proceedings and continue the protections of this order.

A party who intends to use any information which is protected as confidential in connection with a dispositive motion or response to a dispositive motion must provide notice of that intent 7 days before submitting any such information to the Court, and identify the specific information which that party intends to submit. A party receiving such notice may within that 7 days move to seal the record and proceedings under applicable standards. The failure to provide that notice by a party seeking to use information waives the right to use such information in connection with a dispositive motion and any portions of any court document which contain such information may be stricken.

A party who intends to use any information which is designated as confidential in connection with a trial must identify the document in the joint final pretrial order, along with a separate list of the information which is protected as confidential which that party will seek to submit. A party receiving such a list may within that 7 days move to seal the record and proceedings under applicable standards.

If a motion to seal the record and proceedings is filed, the party seeking to use the information protected as confidential shall file all documents containing that information under seal and those documents shall remain under seal and the proceedings shall remain under seal until such time as the Court rules on the motion.

*Plaintiff's Proposed Protective Order* at ¶5. At this time, there is no justification for the court to exceed the scope of its authority under Rule 26 and venture into the area of what may – and may not – be allowed to be viewed by the public during dispositive phases of this action. In the event

20

that the Court believes a protective order is warranted, Plaintiff's order is carefully crafted to comply with both Rule 26 and applicable case law.  Plaintiff's proposed order maintains the secrecy of properly protected documents during all non-dispositive phases of the case.  In the event that either party desires to use those materials, that party must provide notice of their intent to do so, allowing ample time for a motion to seal the record and proceedings under applicable law.

Plaintiff's proposed order is narrowly tailored to 1) allow the parties seeking relevant evidence to obtain it, and 2) to maintain the integrity of the judicial process as a public forum for the redress of wrongs 3) insuring an opportunity to all parties to maintain confidentiality by providing a reasonable time frame to move for an order sealing the court's record..  On the other hand, Defendant's proposed order seeks to establish the court as a sort of Starr Chamber, operating in absolute secrecy.  As such, Defendant's proposed order should be rejected as overly broad.

### d.   Experian's Proposed Order Fails to Provide any Meaningful Method of Identifying for the Record, Those Documents to Which Protections have been Extended.

Rule 26 envisions that the court find "good cause" to protect each document covered by any protective order.  Since there is generally no privilege against production of relevant materials based upon "trade secret" status,[35] there is no necessity for any device which would be roughly analogous to a "privilege log" where the defendant complies with production.  However, where a defendant demands secrecy for discovery materials, common sense dictates that there must be

---

[35]*Federal Open Market Comm. of Federal Reserve Sys. v. Merrill*, 443 U.S. 340, 362, 61 L. Ed. 2d 587, 99 S. Ct. 2800 (1979);  *Hartley Pen Company v. United States District Court for the Southern District of California*, 287 F.2d 324, 330 (9th Cir.1961); *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir.1981);  *Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993 (10th Cir.1965), cert. denied 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155 (1965).

21

some meaningful manner to establish a record of those documents to which protection was extended, a evidentiary basis for potential appellate review of the decision to issue the protective order, and a manner of allowing interested third parties to determine whether intervention may be appropriate. As such, if the court enters any form of protective order, the court should provide a mechanism through which any reviewing court or intervening party could determine precisely which documents have been rendered subject to the protective order.

In FOIA cases, where the burden is on the agency seeking secrecy to demonstrate why a document should not be disclosed and where only one party (not the proponent of openness) has knowledge of the contents, the courts have required the government to produce an index of the documents for which an exemption from disclosure is claimed (a so-called "Vaughn index"). See *Vaughn v. Rosen*, 484 F.2d 820, 827-28 (D.C. Cir. 1973), cert. denied, 415 U.S. 1977 (1974) (prescribing indexing procedures in Freedom of Information Act case).

A "Vaughn index" must include an affidavit or affidavits describing each and every withheld document or deletion from a released document and explain why the document may be withheld under criteria set out in the statute.[36] See *Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979). The use of Vaughn-type indices in cases challenging judicial protective orders have been recommended by other courts as well. *Washington Legal Foundation v. United States Sentencing Commission*, 17 F.3d 1446, 1452 (D.C. Cir 1994) (recommending use of "Vaughn index" in common-law right of access case); *Loigman v. Kimmelman*, 505 A.2d 958,

---

[36]The use of supporting affidavits in the case of a protective order would be unnecessarily cumbersome. The underlying premise of a properly formulated "blanket" order is that the ultimate showing of good cause – as would be supported by an affidavit – is deferred until a designation is challenged. The requirement of an affidavit would be unnecessary since this decision would not yet be before the court.

964-66 (N.J. 1986) (same) and used in other federal litigation.[37]

This index provides the same procedural protections as a privilege log under Rule 26, namely, it allows the requesting party to identify the documents which are being withheld so that the non-disclosure can be meaningfully challenged at both the District Court level. At the same time, the log provides a record for appellate review of the decision to sustain or reject any decisions regarding the documents. Additionally, the use of this type of log – which itself would not be confidential – would allow Plaintiff's counsel and attorneys working on similar types of cases to better avoid duplication of discovery.

In this case, Experian's refusal to identify the documents, the reason why they were withheld, and the specific harm which might arise from non-disclosure is simply an insufficient evidentiary base from which to render a decision. Experian's proposed protective order provides no such procedural device to account for those documents while may be subject to the protective order. Therefore, Mr. Wilson requests that the court require a log, similar to a Rule 26 "privilege log" or a "Vaughn Index" in the event that the Court grants Experian's motion for a protective order.

At the same time, Mr. Wilson's proposed protective order is carefully tailored to preserve the secrecy of the documents in question until the time of disposition motions or trial, at which time either party may apply to seal the Court's record under the applicable standards.

## 2. Designation of Confidentiality.

A party responding to requests for production or interrogatories may designate the responsive information to that discovery as **"CONFIDENTIAL"**

---

[37]*U.S. v. Duke Energy Corp.*, 218 F.R.D. 468, 476 (M.D.N.C.,2003)(discussing utility of Vaughn index in context of motion for protective order and evaluating claims of privilege).

23

(hereafter referred to as "information designated as confidential"). That party shall make the designation by producing the information and affixing a stamp conspicuously designating the information as **"CONFIDENTIAL."** The party making the designation shall serve with the information a log of all *information designated as confidential* and identify the each basis upon which the designation is made pursuant to FRCP 26(c). The failure to designate the information or provide the log waives any such designation and the material in question is no longer subject to the protection in this Order.

*Plaintiff's Proposed Protective Order* at ¶2. The use of this Vaughn-type index would serve the needs of this court, any potential appellate court, and interested third parties. The burdens associated with this type of an index are minimal and track those burden associated with assertions of privilege under Rule 26. As such, the court should reject Experian's order and grant one of Mr. Wilson's proposed orders.

Respectfully Submitted,

LYNGKLIP & TAUB
CONSUMER LAW GROUP, PLC

By:

Ian B. Lyngklip P47173
Attorney For Kelly Wilson

Dated: November 11, 2004

24

# EXHIBIT   A



**Lyngklip & Taub**

Consumer Law Group, PLC
Attorneys and Counselors

August 23, 2004

Ian B. Lyngklip

Adam G. Taub

_____
Of Counsel
Gary M. Victor

Brad Sobolewski
Jones Day
North Point, 901 Lakeside Ave.
Cleveland, OH 44114-1190

Robert Horowitz
Dykema Gossett
400 Renaissance Center
Detroit, MI 48242-1668

Re:   **Wilson v Experian Information Solutions**          FILE
      **Eastern District of Michigan -- Southern Division**   COPY
      **Case Number 04-71468**

Counsel:

  As you know, this matter will likely involve requests for production and disclosure of Mr. Wilson's consumer reports which are protected by the FCRA. Additionally, we have requested a number of documents for over which you will be asserting confidentiality.

  We hope to avoid any protracted battle over these documents, and to that end I have drafted an interim protective order comporting with all applicable law in this Circuit and Rule 26. I believe that the proposed limitations are reasonable and will allow all parties to proceed with discovery in a timely manner while assuring the confidentiality of appropriately protected materials.

  Please review the stipulation and return it to my office for entry. Please feel free to call if you have any comments. Thank you for your attention to this matter.

       Very truly yours,
       LYNGKLIP & TAUB
       CONSUMER LAW GROUP, PLC

       Ian B. Lyngklip

encl.
cc:   Kelly Wilson
      Brad Sobolewski
      Robert Horowitz

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

KELLY WILSON,

     Plaintiff

-vs-
                             Case No. 04-71468
                             Hon. Nancy G. Edmunds
                             **JURY TRIAL DEMANDED**

EXPERIAN INFORMATION SOLUTIONS,
AMERICAN EXPRESS,

     Defendants

**Interim Protective Order Governing Assertions of Confidentiality and Trade Secret
Status**

       This matter has come before the Court on the stipulation of the parties. It appears that

the parties anticipate discovery and production of documents which may be the proper subject

of a protective order under FRCP 26(c), and that each of the parties will likely seek such

protection for information to be produced in discovery. In order to assist in the timely

completion of discovery without undue delay or unnecessary motion practice, the Court enters

this Interim Protective Order Governing Assertions of Confidentiality and Trade Secret Status.

1.     **Confidentiality as a Basis of Non-Disclosure.**

       Having provided the parties a mechanism for the protection of documents of

information of a confidential nature, the parties may not assert the confidential nature or trade

secret status of documents as a basis of non-disclosures.

2.     **Designation of Confidentiality.**

       A party responding to requests for production or interrogatories may – acting in good

faith – designate the responsive information to that discovery as "**CONFIDENTIAL**"

1

(hereafter referred to as "information designated as confidential"). That party shall make the designation by producing the information and affixing a stamp conspicuously designating the information as "CONFIDENTIAL." The party making the designation shall serve with the information a log of all *information designated as confidential* and identify the each basis upon which the designation is made pursuant to FRCP 26(c). The failure to designate the information as "CONFIDENTIAL" or provide the log waives any such designation and the material in question is no longer subject to the protection in this Order.

3.   Protection of Information Designated as Confidential.

Any *information designated as confidential* shall be protected as confidential under the terms of this Order until such time as 1) the Court rules on the designation pursuant to a motion by designating party, 2) the designating party waives its assertion of confidentiality expressly in writing, or by failure to file a timely motion for a protective order, 3) the documents are submitted to the Court in connection with a dispositive motion, or 4) the documents are submitted at trial of this matter. At that time, the materials cease to be subject to the protections of this order and the information may be used in any fashion consistent with other materials obtained through discovery.

Any information which is protected as confidential may not be used outside this case and may only be used in this litigation or litigation of similar cases against the party producing the *information designated as confidential*. This information may only be disclosed to

a.   Other attorneys appearing in this case.

b.   Staff, office personnel, consulting attorneys, experts, and consulting experts. associated with the attorneys appearing in this case.

2

c.   Witnesses.

d.   Deponents.

e.   The Court and its personnel

f.   Court reporters engaged to transcribe the proceedings or discovery in this case.

g.   Other attorneys working on similar cases against the party having produced the material designated as confidential who have agreed to be bound by this order.

Each person – excepting the Court and its personnel – who receives material subject to the protections of this order shall be given a copy of this order prior to receiving the materials and execute a copy of the acknowledgment attached Exhibit A to this order.  No person apart from counsel for the parties to this matter may be provided with any material designated as "CONFIDENTIAL" unless that person has executed that acknowledgment.

4.   Objections to the Designation of Confidentiality.

Within 14 days of receiving information designated as confidential, the receiving party must either object to the designation, or else waive any objection to the designation.  A party who objects to the designation shall within that 14 day period, serve objections to the designation and requests in writing a conference to resolve the conflict.  The party asserting the designation is responsible for making good faith efforts to arrange that conference.  If the parties cannot resolve the objections to the designation, the party asserting the designation of confidentiality shall move within 14 days of receiving the objections, for a protective order under Rule 26(c), showing good cause, specific harm arising from the disclosure, and setting forth reasonable restrictions which it requests on the discovery sought.  The failure to move for a protective order within that 14 day period waives the designation.

3

5.    Use of Confidential Materials in Dispositive Motions and At Trial

If any *information protected as confidential* is submitted in connection with a dispositive motion or at trial pursuant to this Order, the information ceases to be protected as confidential as set forth above, but any party may move to seal the Court's record and proceedings and continue the protections of this order.

A party who intends to use any information which is protected as confidential in connection with a dispositive motion or response to a dispositive motion must provide notice of that intent 7 days before submitting any such information to the Court, and identify the specific information which that party intends to submit. A party receiving such notice may within that 7 days move to seal the record and proceedings under applicable standards. The failure to provide that notice by a party seeking to use information waives the right to use such information in connection with a dispositive motion and any portions of any court document which contain such information may be stricken.

A party who intends to use any information which is designated as confidential in connection with a trial must identify the document in the joint final pretrial order, along with a separate list of the information which is protected as confidential which that party will seek to submit. A party receiving such a list may within that 7 days move to seal the record and proceedings under applicable standards.

If a motion to seal the record and proceedings is filed, the party seeking to use the information protected as confidential shall file all documents containing that information under seal and those documents shall remain under seal and the proceedings shall remain under seal until such time as the Court rules on the motion.

4

The Court will retain jurisdiction over the parties for purposes of enforcement or modification of this order.

SO ORDERED

_____
Hon. Nancy G. Edmunds,
United States District Court Judge

Entered at Detroit, Michigan on _____

Stipulated To By:

Lyngklip & Taub Consumer Law Group, PLC
24500 Northwestern Highway, Suite 206, Southfield, MI 48075

Ian B. Lyngklip Ian B. Lyngklip
Attorney For Kelly Wilson
(248) 746-3790

Brad Sobolewski
Attorney for Experian Information Solutions

Robert Horowitz (P-51466)
Attorney For
(313) 568-6600

Lyngklip & Taub Consumer Law Group, PLC
24500 Northwestern Highway, Suite 206, Southfield, MI 48075

# Exhibit A

*Lyngklip & Taub Consumer Law Group, PLC*
*24500 Northwestern Highway, Suite 206, Southfield, MI 48075*

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

KELLY WILSON,

     Plaintiff

-vs-
                        Case No. 04-71468
                        Hon. Nancy G. Edmunds
                        **JURY TRIAL DEMANDED**

EXPERIAN INFORMATION SOLUTIONS,
AMERICAN EXPRESS,

     Defendants

---

## Acknowledgment of Receipt of Interim Protective Order Governing Assertions of Confidentiality and Trade Secret Status

I acknowledge that I have read and that I understand the **Interim Protective Order Governing Assertions of Confidentiality and Trade Secret Status** entered in this action and agree to abide by its terms and conditions. As a condition to access by me to documents designated by the parties to this action as "CONFIDENTIAL," I agree to submit to the jurisdiction of the United States District Court for Eastern District of Michigan -- Southern Division in connection with nay alleged breach by me of the **Interim Protective Order Governing Assertions of Confidentiality and Trade Secret Status**. I also understand that any violation of the Amended Protective Order by me or any one under my control may subject me to penalties for contempt of court.

8

*Lyngklip & Taub Consumer Law Group, PLC*
*24500 Northwestern Highway, Suite 206, Southfield, MI 48075*

# EXHIBIT   B

FILE
COPY

# Lyngklip
# &Taub

Consumer Law Group, PLC
Attorneys and Counselors

October 18, 2004

Ian B. Lyngklip

Adam G. Taub

Of Counsel
Gary M. Victor

Brad Sobolewski
Jones Day
North Point, 901 Lakeside Ave.
Cleveland, OH 44114-1190

Re:   **Wilson v Experian Information Solutions**
**Eastern District of Michigan -- Southern Division**
**Case Number 04-71468**

Counsel:

I am writing in response to your correspondence received today regarding the protective order which you have proposed. You have requested that we simply sign your proposed protective order as opposed to the order which we have drafted. For the reasons that follow, I must regrettably decline your request that I stipulate to that order.

The interim order which I provided complied with all applicable case law and Rule 26(c). Following our first conversation, I had agreed to all of the changes you had requested except those relating to the sealing of documents. You later indicated that you had further reservations regarding the burden of moving for continued protections in the event of objections to designations of confidentiality.

With your most recent correspondence, you have now proposed a protective order which in no way comports with Rule 26, the law governing protective orders, or the US Constitution as it relates to these two key points. In short, your offer asks us to forego the proper protective order which we proposed months ago for one which is facially illegal. We simply don't want the Defendant's materials that badly.

Likewise, we will not invite an error by the Court by agreeing to a protective order exceeds the Court's authority. As to the merits of your order, I offer the following observations:

1.    Your protective order provides indefinite protection for any materials which Defendant designates as confidential without any necessity of showing good cause for those protections. In the event of dispute, you place the Plaintiff in the position of arguing that

"there is no good cause" for the protections in the order (requiring plaintiff to prove a negative proposition). This reverses the burdens of proof for a motion required by Rule 26. It is unacceptable.

2.  Your protective order requires all court submissions to be made under seal. The order draws no distinction between documents which are submitted during discovery and those which are submitted during dispositive phases of this case. As I'm sure you know, the scope of Rule 26 is limited to discovery matters and pretrial procedures. While the Court enjoys broad discretion to control those procedures, the Court's authority under Rule 26 ends when we enter dispositive phases of the case. Once the Court joins issues of the merits of the claims under Rule 56 or at trial, the court's record must remain open to public view. All documents offered as evidence – which you claim Defendant will seek to do – become a matter of public record and may not be sealed without consideration of the US Constitution and the requirements that all trials be public. If Defendant intends to offer these materials at trial, the entry of a protective order is effectively a futile exercise. In any event, Defendant has demonstrated no compelling interest in close the court room, sealing the public record, and avoiding a public trial. We will not approve any such provisions in violation of the constitution.

3.  Your protective order precludes us from sharing the information derived with other attorneys's working on similar matters against your client. The failure to allow for this form of sharing causes unnecessary burdens on other Plaintiffs and is a waste of judicial resources. The materials derived from this litigation should be freely exchanged with other Plaintiff's working on related collateral litigation.

These are my preliminary observations; there are other deficiencies which remain. The protective order proposed by Defendant fundamentally fails to recognize the purpose, policy, and limits of protective orders. As a working document, it is unacceptable.

Notwithstanding these observations, it appears that Experian has profound objections to allowing any of its procedures, policies or practices entering the public record. As such, I would offer either of the follow. 1) We can enter the protective order which I drafted, to be amended per our my prior conversation or 2) We will forego discovery of any of Experian's procedures, policies or practices so long as Expirian does not attempt to offer those procedures, policies or practices at trial or on motion. Thus, you may either agree not to produce your materials, or you may stipulate to my protective order.

I will call today to conduct a conference regarding this under Local Rule 37 regarding your anticipated motion for entry of an order. I look forward to speaking with you at that time.

Very truly yours,
LYNGKLIP & TAUB
CONSUMER LAW GROUP, PLC

Ian B. Lyngklip

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

KELLY WILSON,

      Plaintiff

-vs-
                              Case No. 04-71468
                              Hon. Nancy G. Edmunds
                              **JURY TRIAL DEMANDED**

EXPERIAN INFORMATION SOLUTIONS,
AMERICAN EXPRESS,

      Defendants

## Rule 26(c)(1) Protective Order Precluding Discovery of Procedures, Practices and Policies Regarding Credit Reporting

IT IS ORDERED that pursuant to Rule 26(c)(1), Plaintiff's requests for Defendant's policies, procedures, and practices regarding credit reporting, credit dispute reinvestigation and permissible purposes compliance are quashed.

IT IS FURTHER ORDERED that Defendant, will not seek to introduce any evidence or argument regarding its policies, procedures, or practices regarding credit reporting, credit dispute reinvestigation, or permissible purpose compliance. Nor will Defendant introduce any evidence or argument regarding its reporting or reinvestigation of the Plaintiff's disputed credit information.

SO ORDERED.

                                _____
                                Nancy G. Edmunds, United States District Court

Dated:_____,_____

ipulated To By:

Ian B. Lyngklip Ian B. Lyngklip
Attorney For Kelly Wilson
(248) 746-3790

Brad Sobolewski
Attorney for Experian Information Solutions

Robert Horowitz (P-51466)
Attorney For
(313) 568-6600

# EXHIBIT   C

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

KELLY WILSON,

     Plaintiff

-vs-
                         Case No. 04-71468
                         Hon. Nancy G. Edmunds
                         **JURY TRIAL DEMANDED**

EXPERIAN INFORMATION SOLUTIONS,
AMERICAN EXPRESS,

     Defendants

**Interim Protective Order Governing Assertions of Confidentiality and Trade Secret Status**

       This matter has come before the Court on the stipulation of the parties. It appears that the parties anticipate discovery and production of documents which may be the proper subject of a protective order under FRCP 26(c), and that each of the parties will likely seek such protection for information to be produced in discovery. In order to assist in the timely completion of discovery without undue delay or unnecessary motion practice, the Court enters this Interim Protective Order Governing Assertions of Confidentiality and Trade Secret Status.

**1.    Confidentiality as a Basis of Non-Disclosure.**

       Having provided the parties a mechanism for the protection of documents of information of a confidential nature, the parties may not assert the confidential nature or trade secret status of documents as a basis of non-disclosures.

**2.    Designation of Confidentiality.**

       A party responding to requests for production or interrogatories may – acting in good faith – designate the responsive information to that discovery as "**CONFIDENTIAL**" (hereafter referred to as "information designated as confidential"). That party shall make the

designation by producing the information and affixing a stamp conspicuously designating the information as "**CONFIDENTIAL**." The party making the designation shall serve with the information a log of all *information designated as confidential* and identify the each basis upon which the designation is made pursuant to FRCP 26(c). The failure to designate the information as "**CONFIDENTIAL**" or provide the log waives any such designation and the material in question is no longer subject to the protection in this Order.

3. **Protection of Information Designated as Confidential.**

Any *information designated as confidential* shall be protected as confidential under the terms of this Order until such time as 1) the Court rules on the designation pursuant to a motion by designating party, 2) the designating party waives its assertion of confidentiality expressly in writing, or by failure to file a timely motion for a protective order, 3) the documents are submitted to the Court in connection with a dispositive motion, or 4) the documents are submitted at trial of this matter. At that time, the materials cease to be subject to the protections of this order and the information may be used in any fashion consistent with other materials obtained through discovery.

Any information which is protected as confidential may not be used outside this case and may only be used in this litigation or litigation of similar cases against the party producing the *information designated as confidential*. This information may only be disclosed to

a. Other attorneys appearing in this case.

b. Staff, office personnel, consulting attorneys, experts, and consulting experts. associated with the attorneys appearing in this case.

c. Witnesses.

      d.      Deponents.

      e.      The Court and its personnel

      f.      Court reporters engaged to transcribe the proceedings or discovery in this case.

      g.      Other attorneys working on similar cases against the party having produced the material designated as confidential who have agreed to be bound by this order.

Each person – excepting the Court and its personnel – who receives material subject to the protections of this order shall be given a copy of this order prior to receiving the materials and execute a copy of the acknowledgment attached Exhibit A to this order. No person apart from counsel for the parties to this matter may be provided with any material designated as "**CONFIDENTIAL**" unless that person has executed that acknowledgment.

4.      **Objections to the Designation of Confidentiality.**

Within 14 days of receiving information designated as confidential, the receiving party must either object to the designation, or else waive any objection to the designation. A party who objects to the designation shall within that 14 day period, serve objections to the designation and requests in writing a conference to resolve the conflict. The party asserting the designation is responsible for making good faith efforts to arrange that conference. If the parties cannot resolve the objections to the designation, the party asserting the designation of confidentiality shall move within 14 days of receiving the objections, for a protective order under Rule 26(c), showing good cause, specific harm arising from the disclosure, and setting forth reasonable restrictions which it requests on the discovery sought. The failure to move for a protective order within that 14 day period waives the designation.

5.      **Use of Confidential Materials in Dispositive Motions and At Trial**

If any *information protected as confidential* is submitted in connection with a dispositive motion or at trial pursuant to this Order, the information ceases to be protected as confidential as set forth above, but any party may move to seal the Court's record and proceedings and continue the protections of this order.

A party who intends to use any information which is protected as confidential in connection with a dispositive motion or response to a dispositive motion must provide notice of that intent 7 days before submitting any such information to the Court, and identify the specific information which that party intends to submit. A party receiving such notice may within that 7 days move to seal the record and proceedings under applicable standards. The failure to provide that notice by a party seeking to use information waives the right to use such information in connection with a dispositive motion and any portions of any court document which contain such information may be stricken.

A party who intends to use any information which is designated as confidential in connection with a trial must identify the document in the joint final pretrial order, along with a separate list of the information which is protected as confidential which that party will seek to submit. A party receiving such a list may within that 7 days move to seal the record and proceedings under applicable standards.

If a motion to seal the record and proceedings is filed, the party seeking to use the information protected as confidential shall file all documents containing that information under seal and those documents shall remain under seal and the proceedings shall remain under seal until such time as the Court rules on the motion.

The Court will retain jurisdiction over the parties for purposes of enforcement or

modification of this order.

**SO ORDERED**

_____

Hon.  Nancy G. Edmunds,
United States District Court Judge

Entered at Detroit, Michigan on _____

Stipulated To By: